**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
Brittany C. Casola (CA 306561)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com
bcasola@carlsonlynch.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA POWERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.:  '17CV1462 AJB WVG<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff TINA POWERS ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant JPMORGAN CHASE BANK, N.A. ("Defendant") and states:

## I. INTRODUCTION

1. Arbitrary disclosure of a consumer's financial information engenders a grave threat to privacy. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et al.* (the "FCRA") to curb the abuses of consumer reporting agencies and to ensure that entities that obtain credit reports exercise their duties with fairness and sensitivity to a consumer's privacy. In recognizing the risk of misuse of information and the unnecessary harm to a consumer's credit score, Congress strictly limits the instances in which a person or entity may access a consumer's credit report. Defendant blatantly defies this law by knowingly obtaining its customers' credit reports without a permissible purpose, resulting in an unreasonable and careless invasion of consumer privacy.

2. Defendant willfully violated the FCRA when it accessed the contents of Plaintiff's credit file. Defendant certified to Equifax that it had a legitimate business need or other permissible purpose for obtaining Plaintiff's consumer credit report despite knowing it no longer maintained any debtor-creditor relationship with Plaintiff. Accordingly, Defendant's actions constitute a willful violation of Section 1681b.

3. Plaintiff seeks to bring this action on behalf of herself and a Class of other similarly situated consumers who were subjected to Defendant's illegal conduct and seeks to recover actual, statutory, and punitive damages for each Class member due to Defendant's intentional violations.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the action pursuant to 15 U.S.C. § 1681p, without regard to the amount in controversy, because the action arises out of Defendant's willful violations of the FCRA.

5. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct and does conduct business in California. Defendant maintains over

1,000 locations in California and thus, has sufficient minimum contacts with California and sufficiently avails itself of the California market.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 28 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

### III. PARTIES

**Plaintiff**

7. Plaintiff Tina Powers ("Plaintiff") is an individual currently residing in Clark County, Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**Defendant**

8. Defendant JPMorgan Chase Bank, N.A, a subsidiary of JPMorgan Chase & Co., is a national banking association incorporated in New York with its principal place of business in Newark, Delaware. Defendant operates branches in 23 states in the United States. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b) because it is a national association.

### IV. FACTUAL ALLEGATIONS

9. On or about December 20, 2005 Plaintiff obtained a mortgage from Defendant secured by real property located at 4872 and 4874 Coconino Way, San Diego, California 92117 (the "Property"). The Parties effectively entered into a debtor-creditor relationship with respect to the mortgage on the Property.

10. On or before January 28, 2016, Plaintiff successfully paid off the mortgage. Defendant mailed Plaintiff a letter dated January 28, 2016 confirming that Plaintiff paid off the mortgage for Account No. 0917681146.

11. At that time, Plaintiff maintained no other existing accounts with Defendant, nor did she maintain any revolving lines of credit with Defendant. Accordingly, the debtor-creditor relationship between the Parties had concluded.

12. Notwithstanding the conclusion of a relationship between the Parties, Defendant accessed Plaintiff's Equifax credit file on February 9, 2016.

13. Equifax Inc. ("Equifax") is a consumer credit reporting agency incorporated under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) because it an entity which "regularly engages in . . . the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer report to third parties . . ." Equifax regularly provides consumer credit reporting services to Defendant, who subscribes to Equifax's services.

14. Defendant is a "furnisher of information" as described in 15 U.S.C. § 1681s-2 because it regularly furnishes information to Equifax and other consumer reporting agencies about its customers.

15. On February 9, 2016, Defendant willfully obtained Plaintiff's credit file from Equifax. In doing so, Defendant furnished Plaintiff's information to Equifax and generally or specifically certified that it maintained a permissible purpose for accessing Plaintiff's credit consumer report in that instance.

16. In correspondence dated March 21, 2016, Defendant confirmed that its access to Plaintiff's credit file was improper and indicated it would take steps to have the improper February 9, 2016 credit inquiry removed.

## V. CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant:

> All consumers in the United States, from October 17, 2014 through the date of trial, whose credit consumer report was obtained by Defendant at a time when the consumer no longer had an existing account or credit relationship, as defined in 15 U.S.C. § 1681b(a)(3)(A)-(F), with Defendant.

3
CLASS ACTION COMPLAINT

18. Excluded from the Class is Defendant, their officers, directors, and employees.

19. ***Numerosity*.** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of customers in the United States who have been damaged by Defendant's impermissible access of their credit consumer reports. The precise number of Class members is unknown to Plaintiff.

20. ***Existence and Predominance of Common Questions of Law and Fact*.** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

 a) Whether Defendant willfully obtained Plaintiff's and Class members' credit consumer reports for an impermissible purpose;

 b) Whether Defendant's alleged conduct constitutes a violation of the FCRA; and

 c) Whether Plaintiff and Class members have been harmed by Defendant's willful noncompliance with the FCRA and the proper measure of such harm.

21. ***Typicality*.** Plaintiff's claims are typical of the claims of the Class members because, *inter alia*, all Class members were injured by the uniform misconduct described above and each claim arises from the same factual basis and unlawful violation.

22. ***Adequacy of Representation*.** Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

23. ***Superiority*.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, utilizing the class action device here promotes judicial economy and consistency because it will resolve hundreds of thousands of claims in a single action.

24. An ascertainable Class exists because Defendant maintains extensive records and data comprised of its customers' and former customers' identification information, which can be accessed by Defendant with reasonable effort.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act ("FCRA")**
**15 U.S.C. § 1681b**

25. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendant is a "person" as defined by § 1681a(b). Equifax is a "consumer reporting agency" as defined by § 1681a(f).

27. The FCRA prohibits a person or entity from issuing or obtaining a consumer's credit report for an impermissible purpose. The statute provides in relevant part:

> **(f) Certain use or obtaining of information prohibited:**
> A person shall not use or obtain a consumer report for any purpose unless—
>
> **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> **(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

28. The FCRA enumerates the ***only*** permissible purposes for which a person or entity may obtain a consumer's credit report:

> **(a) In general**
> . . . [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and ***no other***:
> . . .

5
CLASS ACTION COMPLAINT

>    **(3)** To a person which it has reason to believe—
>       **(A)** Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>       . . .
>       **(F)** otherwise has a legitimate business need for the information—
>          **(i)** in connection with a business transaction that is initiated by the consumer; or
>          **(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(3)(A), (F) (emphasis added).

29. Once Plaintiff successfully paid off the mortgage on or before January 28, 2016, the debtor-creditor relationship between the Parties was terminated and Plaintiff had no other continuing credit obligations with Defendant. At that time, Defendant had actual knowledge that it had no remaining legitimate business need or any other permissible purpose to obtain Plaintiff's credit report. Nevertheless, Defendant obtained Plaintiff's credit report on February 9, 2016.

30. Accordingly, Defendant intentionally and unlawfully accessed Plaintiff's credit report from Equifax for an impermissible purpose. Defendant willfully engages in a widespread scheme of impermissibly accessing Class members' credit reports who have no existing accounts or other continuing obligations with Defendant.

31. Civil liability exists for anyone who willfully fails to comply with any provision of the FCRA in the amount of "any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added). Together with any actual damages or statutory damages awarded, a consumer is entitled to punitive damages, reasonable attorneys' fees, and costs in an amount to be determined by the court. *Id.* § 1681n(a)(2)-(3).

32. Defendant's noncompliance with this provision of the FCRA is willful because Defendant is, and at all times was, aware of its offending business practices and is aware of its existing business relationships, or lack thereof, with each customer.

Defendant's repeated and willful violations of the FCRA are further evidenced by Defendant's history of class actions and settlements arising from the same type of offending conduct. *See e.g.*, *Duncan v. JPMorgan Chase Bank, N.A.*, Civil No. SA-14-CA-912-FB, 2016 WL 4419472 (W.D. Tex. May 24, 2016); *Sleezer v. Chase Bank USA, N.A.*, Civil No. SA-14-CA-961-H (W.D. Tex. 2007).

33. As a direct and proximate result of Defendant's willful conduct, Plaintiff and the Class members, and each of them, have suffered actual and concrete harm in the form of, without limitation, invasion of their credit privacy and resulting damage to their credit scores and Plaintiff and the Class members are entitled to statutory damages ranging from $100-$1000 each, punitive damages, and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant is liable for negligent noncompliance in impermissibly accessing Plaintiff's credit consumer report, in which case Defendant is liable to Plaintiff for actual damages in an amount to be established at trial, together with attorneys' fees and costs incurred in pursuing the action. *See* 15 U.S.C. § 1681o.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;
B. Awarding Plaintiff and the proposed Class members actual, statutory, and punitive damages;
C. Awarding attorneys' fees and costs; and
D. Providing such further relief as may be just and proper.

///
///
///

## VII. DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a jury trial for all claims so triable.

Date: July 19, 2017

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
Brittany C. Casola (CA 306561)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com
bcasola@carlsonlynch.com

*Attorneys for Plaintiff*